UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



------------------------------------------------------x

FOSTER FAMILY LP,

                    Plaintiff,

     -against-                         **MEMORANDUM AND ORDER**
                                          Case No. 10-CV-2844 (FB) (CLP)

ADELPHI LUXURY APARTMENTS LLC,
ANTONIO CALVO, and LINDA CALVO,

                    Defendants.

------------------------------------------------------x

*Appearances*
*For the Plaintiff:*                     *For the Defendants:*
JUDE ROBERTO CARDENAS, ESQ.     KEITH H. RICHMAN, ESQ.
Cardenas & Associates                 Richman & Levine, P.C.
119 West 57th Street, Suite 1215      666 Old Country Road
New York, NY 10019                Garden City, NY 11530

**BLOCK, Senior District Judge:**

       Foster Family LP ("Foster") holds a $1.2 million promissory note executed by Adelphi Luxury Apartments LLC ("Adelphi") and guaranteed by Antonio and Linda Calvo ("the Calvos"). Having sued to collect on the note, it now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.

       The defendants argue that they are entitled to a setoff based on a contract that references the note. The only issue for the Court's determination is whether the contract affects the defendants' liability on the note. The Court concludes, as a matter of law, that it does not and, accordingly grants Foster's motion.

**I**

The relevant facts are undisputed.  Until 2007, Foster held a membership interest in Adelphi.  In that year, the parties negotiated a contract to transfer Foster's interest back to Adelphi.  As payment for the transfer, Adelphi executed a $1.5 million promissory note ("the Note"), which the Calvos personally guaranteed.  In April 2009, the Note was modified to $1.16 million.

In May 2009, SDS Great Jones LLC ("SDS") and Valverde Construction Corp. ("Valverde") executed a $1.25 million construction contract.  The payment provision of the contract read as follows:

> Owner [SDS] is hereby authorized and directed to make all payment due . . . to FOSTER FAMILY LP, which payment will be credited against any outstanding balance due on the obligation of ADELPHI LUXURY APARTMENTS LLC to FOSTER FAMILY LP which is evidenced by a Note in the original amount of $1,500,000.00 as reduced (the "Calvo Note"); this authorization is in acknowledgment of the Vendor's [Valverde's] agreement to pay Calvo Note from these proceeds.

Aff. of Antonio Calvo (Jul. 7, 2011), ¶ 3.  Foster's trustee, Luis Greco, signed the construction contract as SDS's principal; the relationship between Adelphi and Valverde is unclear, but there was presumably some good reason for Valverde to give Adelphi the contract proceeds.

Adelphi stopped making payments on the Note in March 2010, ostensibly in reliance on the forthcoming credit called for by the construction contract.  That credit never came, however, because SDS never made payment on the contract.  The reason for nonpayment is not reflected in the record, but SDS sued Valverde in New York Supreme Court in June 2010.  *See SDS Great Jones LLC v. Valverde Constr. Corp.*, No. 107683/2010 (N.Y.

2

Sup. Ct., N.Y County).  That case is pending.

Foster declared Adelphi in default and accelerated the Note on May 17, 2010. This action followed one month later.

## II

In opposing Foster's motion for summary judgment, the defendants muddle two distinct arguments.  In places, they assert that the SDS-Valverde contract entitles them to an "offset" or "credit."  *See, e.g.,* Aff. of Keith Richman (Jul. 7, 2011), ¶4;Verified Answer, ¶ 18.  In others, they assert that there has been no default because of the same contract.  *See, e.g.,* Aff. of Antonio Calvo (Jul. 7, 2011), ¶ 2; Verified Answer, ¶19.  Setoff is an affirmative defense, which admits the plaintiff's allegations, while the denial of a default challenges an element of the cause of action.  The Court will address each argument separately, and in reverse order.  All agree that New York law governs.

### A. Prevention of Default

Defendants accurately state the relevant law of New York:

> Generally the breach of a related contract cannot defeat a motion for summary judgment on an instrument for the payment of money only.  However, where . . . the contract and instrument are intertwined, the motion should be denied.

*Inpar Bldg. Corp. v. Veoukas*, 533 N.Y.S.2d 337, 338 (2d Dep't 1988).  They misunderstand, however, the meaning of "intertwined" in this context.  The cases they cite—as well as the Court's own research—demonstrate that it means that the negotiable instrument supplied the consideration for the breach, such that a breach of the contract would, if proven, negate the obligation to honor the instrument.

In *Inpar*, for example, the negotiable instrument was a check in payment of a contract for services. The Second Department reversed summary judgment because the defendant had sued "to recover damages for breach of that part of the contract which gave rise to the disputed payment." *Id.* In *Fopeco, Inc. v. General Coatings Technologies, Inc.*, 483 N.Y.S.2d 1015 (1st Dep't 1985), the First Department reversed summary judgment on a note given "as payment for assets purchased" because the defendant challenged the closing of the sale. *See id.* at 1016. *Accord Regal Limousine, Inc. v. Allison Limousine Serv., Ltd.*, 523 N.Y.S.2d 154, 155 (2d Dep't 1988) (affirming denial of summary judgment on notes "issued pursuant to the contract [for the sale of plaintiff's business]"); *Ssangyong (U.S.A.) Inc. v. Sung Ae You*, 451 N.Y.S.2d 90, 91 (1st Dep't 1982) (reversing summary judgment on promissory notes issued to pay for allegedly defective goods).

The reason for the rule confirms the meaning of "intertwined." A contract secured by issuance of a promissory note is "not merely related" to the note; it is "the reason for the [note's] execution." *A. David Schwartz, M.D., P.C. Pension Trust v. Mastercraft Indus., Inc.*, 495 N.Y.S.2d 211, 212-13 (2d Dep't 1985). As the Second Department explained in *Fopeco*, the lack or failure of consideration for the execution of a note "is a perfectly viable defense." 483 N.Y.S.2d at 1016.

Thus, the note at issue here was "intertwined" with the original contract for the transfer of Foster's membership interest. If Adelphi were claiming that Foster failed to convey its interest, resolution of Adelphi's liability on the note would have to await resolution of that claim.

But that is not Adelphi's claim.  Its claim is that it is entitled to a credit based on the SDS-Valverde contract, which was executed two years later and had nothing to do with the transfer.  That contract might be "related" to the note, but it is not "intertwined" with it.

## B.  Setoff

A setoff merely requires a liability of the plaintiff to the defendant that reduces the latter's liability; no particular relationship between the two liabilities is necessary.  *See In re Midland Ins. Co.*, 79 N.Y.2d 253, 260 n.2 (1992) ("The general rule, recognized by courts and commentators alike, holds that mutual debts and credits between parties may be set off even though they arise from different transactions.").  Thus, if the defendants claimed a valid setoff, the Court would grant Foster's motion for summary judgment on the note, but withhold final judgment until the existence and amount of the setoff was determined.[1]

As noted, however, a setoff is premised on *mutual* liabilities.  "[D]ebts and credits are mutual when they are 'due to and from the same person in the same capacity.'"  *Id.* at 259 (quoting *Beecher v. Vogt Mfg. Co.*, 277 N.Y. 468, 473 (1920)).

Liability for payment of the credit called for by the construction contract, by contrast, runs from SDS to Valverde.  Even if defendants could show that they stand in Valverde's shoes, there is no evidence that Greco did—or even could—make Foster liable for SDS's nonpayment.  A contractual obligation of a party other than the plaintiff does not give rise to a valid setoff.  *See, e.g, General Elec. Capital Bus. Asset Funding Corp. v. Hakakian*,

---

[1]Normally, the Court would itself determine the setoff.  Here, the parties would presumably be bound by the state court's determination.

776 N.Y.S.2d 576, 577-78 (2d Dep't 2004) (holding that purported setoff of debt that defendant's firm owed brother's firm against debt defendant owed his brother personally failed for lack of mutuality).

## III

It may well be the that the outcome of the state-court action will allow the defendants to repay their obligation to Foster. In the meantime, however, there is no reason to forestall judgment on the Note. Accordingly, Foster's motion for summary judgment is granted.

Foster has not provided calculations of prejudgment interest, attorney's fees or costs. It shall, within ten days of this memorandum and order, file a proposed judgment including those items, along with documentation supporting its calculations. Defendants may file specific objections within ten days thereafter. Judgment will be entered in due course.

**SO ORDERED.**

s/ Judge Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 7, 2012